# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-30703
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LAMONT WILLIAMS

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-234-7

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Lamont Williams was convicted of conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base and of using a telephone to facilitate the commission of a drug trafficking offense. He is sentenced to life imprisonment on the conspiracy count, as enhanced, and 48 months concurrently on the telephone count. On appeal, Williams argues that (1) the district court admitted improper evidence and (2) the Government did not provide adequate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

notice that he was subject to a recidivism enhancement for his prior drug convictions. We affirm.

I.

Williams challenges the admission of four categories of evidence. We address each in turn.

1. Williams argues that the district court allowed improper summary and opinion testimony by Special Agent Matthew Fihlman at the beginning of the trial. According to Williams, Fihlman testified as an overview witness before any evidence was admitted for him to summarize — a practice this court condemned in United States v. Griffin, 324 F.3d 330, 349 (5th Cir. 2003).

We need not decide whether Fihlman's testimony, much of which was offered without objection, was improperly admitted because its admission did not affect Williams's substantial rights. Multiple witnesses identified Williams as a member of an organization that bought and sold drugs. The jury heard ten intercepted telephone conversations in which Williams and a co-conspirator, William Lang, discussed drug transactions. Upon his arrest, Williams admitted that a scale used for drug trafficking was in his residence. Moreover, Williams has not shown this court that Fihlman's testimony was misleading or erroneous. Rather, the record indicates that any overview testimony by Fihlman was supported by the wiretap evidence and the testimony of other witnesses. See Griffin, 324 F.3d at 349 (citing similar reasons for finding that an overview witness's testimony was harmless). In light of the overwhelming evidence of Williams's guilt, any improper testimony by Fihlman did not have a substantial effect on the jury's verdict.

2. Williams argues that the district court erroneously admitted extrinsic evidence of other bad acts under Federal Rule of Evidence 404(b). Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to "prove the character of a person in order to show action in conformity therewith." The

rule applies only to extrinsic evidence, not intrinsic evidence. United States v. Williams, 900 F.2d 823, 825 (5th Cir. 1990). Generally, evidence is intrinsic when both the charged act and the other bad act are part of a single criminal episode or are inextricably intertwined. Id. "Evidence is intrinsic to a conspiracy if it is relevant to establish how the conspiracy came about, how it was structured, and how each appellant became a member." United States v. Sangs, 163 F.3d 1355 (5th Cir. 1998) (citing United States v. Lokey, 945 F.2d 825, 835 (5th Cir. 1991); United States v. Nichols, 750 F.2d 1260, 1265 (5th Cir. 1985)).

Williams challenges the admission of testimony that he participated in drug transactions with his co-conspirators during the year 2005.[1] Williams asserts that the Government's case centered on a conspiracy during the summer of 2006, in which Henry Gloston delivered cocaine to William Lang, who then sold it to others, including Williams. Williams argues that the testimony concerning drug transactions in 2005 is extrinsic to the charged conspiracy because a year separates the two categories of evidence and the parties served different roles in the transactions. In 2006, Williams allegedly bought drugs from Lang whereas Williams allegedly sold drugs to Lang and Wallace in 2005.

This argument is unavailing. First, the 2005 drug transactions took place during or very close to the time period of the charged conspiracy; which was alleged as beginning "prior to January 2006 . . ." Moreover, this court has held that a district court did not abuse its discretion in characterizing drug transactions that pre-dated the indicted conspiracy as intrinsic evidence. See United States v. Miranda, 248 F.3d 434, 440-41 (5th Cir. 2001). This court

---

[1] Lang and Gloston testified that they purchased drugs from Williams in 2005, and Wallace testified that he watched Williams break down a kilogram of cocaine for distribution purposes in 2005. Williams objected to the testimony from Lang, but not that of Wallace or Gloston. The district court overruled the objection as to Lang's testimony, finding that the evidence was intrinsic and therefore admissible.

explained that the testimony was "not submitted to show the defendant's proclivity towards crime, but . . . as background information establishing the connection between a witness and a defendant." Id. Similarly, evidence of Williams's 2005 drug transactions established the nature of the relationship among the co-conspirators and the existence of an ongoing drug business. The district court did not abuse its discretion in characterizing this evidence as intrinsic.

3. Williams also contends that the district court erred by allowing witness Lendell Wallace to testify that two and a half weeks before the trial, Williams threatened "to touch" him or his family if he took the stand. The Government concedes that this is extrinsic evidence.

The admissibility of extrinsic evidence is governed by Federal Rules of Evidence 404(b) and 403. This court employs a two-part test, encompassing the substance of both Rule 404(b) and Rule 403, for determining the admissibility of extrinsic evidence:

> First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.

United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978).

"Evidence of a threat by a defendant respecting a specific adverse witness indicates that the defendant was conscious of the weakness of his case; such evidence creates a compelling inference that the defendant's case lacks merit." United States v. Rocha, 916 F.2d 219, 241 (5th Cir. 1990). Because the evidence that Williams threatened Wallace is probative of an issue other than Williams's character, it is admissible under Rule 404(b).

The next question is whether the probative value of the testimony is substantially outweighed by the danger of unfair prejudice. In reviewing the

balancing undertaken by the district court, we give great deference to the court's informed judgment and will reverse only after a clear showing of prejudicial abuse of discretion. Rocha, 916 F.2d at 241. In light of the ample evidence supporting the jury's verdict, Williams has made no such showing. The threat evidence was not a critical part of the Government's case, and the Government did not place undue emphasis upon it.

Williams alternatively argues that testimony concerning the threat was inadmissible because the Government failed to provide reasonable notice that it would introduce the evidence as required under Rule 404(b). This argument is meritless. The Government notified Williams that it planned to introduce the threat evidence at a pre-trial meeting with his attorney.

4. In his final evidentiary challenge, Williams argues that the court's instructions to the jury to disregard certain testimony did not cure the prejudice, and that the district court should have granted his requests for a mistrial. The refusal to grant a mistrial based on the admission of prejudicial evidence is reviewed for an abuse of discretion. United States v. Millsaps, 157 F.3d 989, 993 (5th Cir. 1998). If the motion for mistrial involves the presentation of prejudicial testimony before a jury, a new trial is required only if, considering the entire record, there is a significant possibility that the prejudicial evidence had a substantial impact upon the jury verdict. Id. A prejudicial remark may be rendered harmless by curative instructions to the jury. Id. This circuit gives great weight to the trial court's assessment of the prejudicial effect of a remark. Id.

Williams moved for a mistrial on two occasions: (1) after Lendell Wallace testified that he first bought drugs from Williams when he was seventeen years old, and (2) after James Wallace testified that "everyone that was distributing drugs, they was buying from Lamont Williams." In both instances, the court instructed the jury to disregard the testimony and asked the jury if it would

abide by this instruction. All jurors indicated that they would. The court again instructed the jury not to consider the stricken testimony before allowing the jury to deliberate. In this case, the district court's instructions adequately cured any prejudice the challenged remarks may have caused.

## II.

Williams also argues that the district court improperly enhanced his sentence under 21 U.S.C. § 841(b)(1)(A) because the government did not file a bill of information stating its intention to seek an enhanced sentence based on one of Williams's prior convictions before trial, as required by 21 U.S.C. § 851. Williams did not object to the timeliness of the bill of information at any time in the district court. For an appellate court to correct an error not raised below, "there must be (1) error (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Dodson, 288 F.3d 153, 161 (5th Cir. 2002) (internal citations omitted) (plain error review applies to the requirements of 21 U.S.C. § 851).

From the record, we cannot tell whether the bill of information was filed before trial. Williams's trial was scheduled to begin at 8:30 a.m. on January 29, 2007. The bill of information to establish the conviction for possession with intent to distribute cocaine bears a time-stamp from the district court clerk's office of 8:35 a.m. on January 29, 2007.[2] Although this might suggest the bill of

---

[2] The bill of information also contained a certificate of service stating that it "has been served upon counsel for all parties by mailing the same to each, . . . this 29th day of January, 2007." In his brief, Williams maintains that mailing a bill of information to counsel on the morning of trial does not satisfy the statutory requirement that the United States attorney serve a copy on counsel or the defendant "before trial." However, the government has supplemented the record with an affidavit from Williams's trial attorney stating that he received a copy of the bill of information from the Assistant U.S. Attorney in court before the trial began. Thus, we need not consider Williams's argument concerning the propriety of mailing a notice on the morning of trial.

information was filed just after the start of trial, the record does not establish whether there was any delay between the time the government filed the bill of information and the time the clerk placed the time-stamp upon it. Nor does the record establish whether the trial started exactly at 8:30 a.m.

We find it unnecessary, however, to remand for clarification of the record because the alleged error does not seriously affect the fairness, integrity, or public reputation of the judicial proceeding. See Dodson, 288 F.3d at 162. Williams's counsel was served with notice that the government planned to use two of his prior convictions to enhance his sentence before the trial began. Yet, Williams opted not to challenge the convictions on which his enhancement was based during his sentencing hearing. He agreed that his prior convictions were valid and did not object to the sentencing range that resulted from the application of the enhancement. No "miscarriage of justice" will result if we do not notice this error. See Id.

Finally, Williams notes that the viability of his other enhancement, for a prior possession conviction, may be affected when the Supreme Court decides Burgess v. United States, No. 06-11429. Williams concedes that his enhancement is proper under current law, and raises this argument merely to preserve it for future review.

For these reasons, the judgment of the district court is AFFIRMED.